IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE SAFECO INSURANCE POLICY
WITH CHARLES AND SHANNON SKINNER

and,

CHARLES and SHANNON SKINNER, a
married couple, and DEREK SKINNER, their
minor son,

     Respondents/Counterplaintiffs,

v.                                                                            CIV No. 02-1504 WJ/WWD

SAFECO INSURANCE COMPANY,

     Petitioner/Counterdefendant.

## MEMORANDUM OPINION AND ORDER REMANDING CASE, RETAINING JURISDICTION OVER MOTION FOR SANCTIONS, AND ORDER TO APPEAR

THIS MATTER comes before the Court pursuant to Skinners' Motion for Sanctions [Docket No. 10] and Respondents'/Counterplaintiffs' (Skinners) Motion to Remand and Request for Attorneys' Fees and Sanctions [Docket No. 2]. Having reviewed the submissions of the parties and the applicable law, I find that the motion to remand is well taken and will be granted for the reasons stated herein. Additionally, I shall retain jurisdiction over the motion for sanctions and will order counsel to submit further documentation and give argument on the motion as further directed.

**PROCEDURAL HISTORY**

Safeco Insurance Company initiated this case by filing a pleading On December 7, 2001 in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The pleading was styled as "In re Safeco Insurance Insurance Policy with Charles and Shannon Skinner" and was titled a "Motion to Appoint a Competent and Disinterested Umpire." On February 18, 2002, the Skinners filed an "Answer and Counterclaim" in response to Safeco's "Motion." Safeco filed notice of removal on November 27, 2002 pursuant to 28 U.S.C. §§ 1441 and 1446 and alleging this Court's subject matter based on the complete diversity of the parties.

**DISCUSSION**

I.      MOTION TO REMAND

Safeco's Response to the Skinners' motion makes several salient observations. At page 2, the Response notes that this case is a procedural chaos.[1] Earlier on the same page, the Response notes that the title and style of a pleading does not dictate the actual nature of the pleading. At page 3, the Response notes that a civil action is commenced by the filing of a complaint. Of course, Safeco makes these remarks for purposes other than my use of them.

Safeco is the plaintiff in the state court action and, as such, is not entitled to remove this case to federal court. Only defendants may remove actions from state to federal court. 28 U.S.C. § 1441(a). Safeco argues that it is not the plaintiff in the state court action because the pleading it filed on December 17, 2001 was not a complaint, and, as such, the Skinners' answer and counterclaim were not actually an answer and counterclaim because there is no provision in the rules of civil procedure for the filing of an answer or counterclaim in response to a motion. Thus,

---

[1] To the extent this case is a procedural chaos, I am of the opinion that such chaos is a creature of Safeco's counsel's making.

2

as Safeco's argument goes, the Answer and Counterclaim was actually the pleading that initiated the action in state court, the Skinners are the Plaintiffs, Safeco is the Defendant, and Safeco is entitled to remove this action to federal court.

Safeco misses the mark in presupposing that the initial pleading filed by Safeco was, in fact, a motion. This Court is not aware of any provision in the rules of civil procedure that permits the initiation of an action by the filing of a motion. As Safeco acknowledges, Rule 3 of both the Federal Rules of Civil Procedure and the New Mexico Rules of Civil Procedure states that a civil action is commenced by the filing of a complaint. It is apparent that the state court treated Safeco's "Motion to Appoint a Competent and Disinterested Umpire" as an action-initiating pleading. Therefore, regardless of Safeco's attempt to call this pleading a "motion," it is, in fact, a complaint. As Safeco pointed out in its response, a party cannot define or dictate the nature of a pleading merely by giving it a title. Safeco is thus the Plaintiff in the state court action and may not remove the action to federal court.

Even if Safeco had been the defendant, Safeco's removal was not timely and is subject to remand. As noted above, the Skinners' Answer and Counterclaim was filed February 18 2002. Safeco was served with the Answer and Counterclaim on February 18, 2002. Safeco did not file its notice of removal within the 30 day time limit pursuant to 28 U.S.C. § 1446(b).

Safeco argues that the time for removal did not begin to run until the state court ruled on Safeco's motion to dismiss the counterclaim. The gist of Safeco's argument is that it could not intelligently ascertain the removability of the action until the state court ruled on the motion to dismiss. The Court first notes that Safeco filed its motion to dismiss in state court on March 29, 2002. Thus, even if there was some legal support for a tolling of the 30 day time limit for removal

while a motion to dismiss was pending in state court, the time limit had already expired when Safeco filed its motion. Additionally, Safeco offers no support for its argument that intelligent ascertainment of removability cannot be made prior to a ruling on a motion to dismiss and this Court is not persuaded. Because Safeco did not timely remove this case to federal court, and because Safeco, the Plaintiff in state court, had no standing to remove, this case shall be remanded to state court.

II.     MOTION FOR SANCTIONS

Skinners move this Court for Rule 11 sanctions and attorneys fees against Safeco counsel for the signing and filing of the notice of removal and the response to the motion to remand. Skinners assert that Safeco's legal contentions in both documents are not warranted by existing law nor by any nonfrivolous argument for the extension or modification of existing law. Skinner further asserts that Safeco's notice of removal was filed for the improper purpose to cause delay and needless increase in the costs of litigation.

I find that oral argument would assist this Court in determining whether sanctions are warranted. In addition, I request that counsel for the Skinners submit an affidavit that includes costs and time records for their fees in bringing the motion to remand.

**CONCLUSION**

IT IS THEREFORE ORDERED that Respondents'/Counterplaintiffs' (Skinners) Motion to Remand and Request for Attorneys' Fees and Sanctions [Docket No. 2] is hereby GRANTED in part, and this cause is REMANDED to the Second Judicial District Court, County of Bernalillo, State of New Mexico, Cause No. CV 2001-08334.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to rule on Skinners' Motion for Sanctions [Docket No. 10].

IT IS FURTHER ORDERED that counsel for Skinners' file with this Court by February 26, 2003 an affidavit including time records for fees incurred in bringing the motion to remand.

IT IS FURTHER ORDERED that counsel for Safeco may file objections to the affidavit for attorneys' fees provided such objections are filed no later than March 10, 2003.

IT IS FINALLY ORDERED that **counsel** for both parties **and a corporate representative from Safeco Insurance Company** appear for a hearing on Skinners' Motion for Sanctions [Docket No. 10], before the Honorable William P. Johnson on February 27, 2003, at 9:00 a.m., at the United States District Courthouse, 333 Lomas Blvd. NW, Pecos Courtroom-3rd Floor, Albuquerque, New Mexico.

_____
UNITED STATES DISTRICT JUDGE