IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE SAFECO INSURANCE POLICY
WITH CHARLES AND SHANNON SKINNER

and,

CHARLES and SHANNON SKINNER, a
married couple, and DEREK SKINNER, their
minor son,

     Respondents/Counterplaintiffs,

v.                                                                           CIV No. 02-1504 WJ/WWD

SAFECO INSURANCE COMPANY,

     Petitioner/Counterdefendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## SKINNERS' MOTION FOR SANCTIONS

THIS MATTER comes before the Court pursuant to Skinners' Motion for Sanctions [Docket No. 10]. Argument of counsel was heard on March 12, 2003, and the Court accepted additional briefing on the issue of timeliness. Having reviewed all the submissions of the parties and the argument of counsel, I find that Skinners' motion is well-taken and will be granted for the reasons that follow.

Safeco Insurance Company initiated this case by filing a pleading On December 7, 2001 in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The pleading was styled as "In re Safeco Insurance Insurance Policy with Charles and Shannon Skinner" and was titled a "Motion to Appoint a Competent and Disinterested Umpire." On February 18, 2002, the

Skinners filed an "Answer and Counterclaim" in response to Safeco's "Motion." Safeco filed notice of removal on November 27, 2002 pursuant to 28 U.S.C. §§ 1441 and 1446 alleging this Court's subject matter based on the complete diversity of the parties.

Immediately after Safeco filed its notice of removal, counsel for the Skinners sent a letter to Safeco's counsel informing him that there was no legal basis for removal because Safeco, the removing party, was the plaintiff in the state court action and because the notice of removal was filed more than nine months after Safeco was served with the Skinners' Answer and Counterclaim. Additionally, Skinners served Safeco's counsel with a motion for sanctions and gave Safeco 21 days to correct the asserted sanctionable pleading before Skinners filed the motion.

Skinners filed a separate motion to remand this case to the state court from which it was removed. By a Memorandum Opinion and Order filed February 11, 2003 [Docket No. 15], I remanded the case on the grounds that Safeco, having initiated this case and having invoked the jurisdiction of the state court, was the Plaintiff in the state court proceeding and thus had no standing to remove the case. Additionally, I found that the notice of remand was not filed within the 30-day time limit pursuant to 28 U.S.C. § 1446(b).

By presenting to the court a pleading or other paper, an attorney is certifying that, to the best of his or her knowledge, information, and belief it is not being presented for any improper purpose and the legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11. In deciding whether to impose Rule 11 sanctions against an attorney, a district court must apply an objective standard and determine whether a reasonable and competent attorney would believe in

the merit of an argument or claim.  Dodd Ins. Serv., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1155 (10th Cir. 1991); White v. General Motors Corp, Inc., 908 F.2d 675, 680 (10th Cir. 1990).  Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.  White, 908 F.2d at 683.  While all of these purposes are served by Rule 11 sanctions, deterrence is the primary goal of such sanctions.  Id.

Skinners move this Court for Rule 11 sanctions against Safeco counsel for the signing and filing of the notice of removal and the response to the motion to remand.  The sanction requested by the Skinners is their costs and attorneys' fees incurred in preparing and pursuing the motion to remand.  Additionally, the Skinners seek their costs and attorneys' fees for preparing and pursuing their motion for sanctions.  Skinners assert that Safeco's legal contentions in the notice of removal and the response to Skinners' motion to remand are not warranted by existing law nor by any nonfrivolous argument for the extension or modification of existing law.  Skinner further asserts that Safeco's notice of removal was filed for the improper purpose to cause delay and needless increase in the costs of litigation.

Counsel for Safeco urge that they had a good faith, nonfrivolous belief that Safeco was not the Plaintiff in the state court proceeding and that the thirty day time limit did not begin to run until the state court judge denied Safeco's motion to dismiss the Skinners' Answer and Counterclaim.  Counsel for Safeco also represents that there was no bad faith or improper motive in removing the case to federal court.

3

I do not find that counsel for Safeco acted in bad faith or that the notice of removal was filed with an improper motive. Skinners point out that the notice of removal was filed the day after the state court ruled against Safeco on a discovery issue and on Safeco's motion to dismiss Skinners' Answer and Counterclaim. Skinners also point out that the removal had the effect of delaying the discovery order of the state court until the case was remanded back to state court. However, I do believe Safeco counsel's assertion that he had an honestly held belief that he could not ascertain the removability of the case until after the state court ruled on Safeco's motion to dismiss Skinners' Answer and Counterclaim.

Further, I believe it is quite clear that Safeco was the Plaintiff in the state court proceeding. Safeco invoked the jurisdiction of the state court and requested, whether by motion, petition, or complaint, that the state court grant it relief in some form. As the party initially choosing the state court forum, Safeco was not permitted to remove the case to federal court. However, after hearing argument of counsel, I now believe that reasonable legal minds could differ on this issue. Thus, Safeco's argument that it was not the plaintiff in the state court proceeding was not objectively frivolous and a reasonable attorney could believe Safeco's argument was legally colorable.

When the initial case is not removable from the face of the pleading, 28 U.S.C. § 1446(b) permits a defendant to remove the case within thirty days after it receives an amended pleading or other paper from which it may first be ascertained that the case is one which may be removed. The thirty-day period begins to run when facts or circumstances arise which put a defendant on notice that a basis for removal exists. See Bandag of Springfield, Inc. v. Bandag Inc., 537 F.Supp. 366 (W.D. Mo. 1981). A defendant may remove a case within 30 days after learning that

4

a case has become removable when he has no knowledge at the time of the filing of the complaint and cannot ascertain from the complaint that the matter may be removed.  Keller v. Carr, 534 F.Supp. 100 (W.D. Ark. 1981).  When the grounds for removing a case are apparent from the outset, the statutory section permitting removal thirty days after removability may be ascertained is inapplicable and the case must be removed within thirty days of the initial pleading; subsequent events do not make a case more or less removable.  Lassiter v. State Farm Mut. Auto. Ins. Co., 371 F.Supp. 1221 (E.D. Ark. 1974).

Assuming *arguendo* that Safeco was the state court defendant and Skinners' Answer and Counterclaim was the removable complaint, Safeco's counsel simply had no objectively reasonable belief that the notice of removal was filed timely.  Safeco's asserted basis for removal was diversity jurisdiction.  Safeco does not deny that it was aware of the diversity of citizenship between the parties at the time it was served with the Skinners' Answer and Counterclaim.  Safeco makes no argument that the satisfaction of the amount in controversy requirement was not ascertainable until the state court denied Safeco's motion to dismiss.  Safeco simply does not show how any reasonable attorney could believe that this case was removable nine months after the Skinners filed their Answer and Counterclaim.  I find that Safeco's counsel's belief that the 30-day time limit to remove this action did not begin to run until the state court ruled on Safeco's motion to dismiss, while honestly held, was not objectively reasonable.

I therefore conclude that Rule 11 sanctions are warranted in this case for violation of Rule 11(b)(2).  They are warranted based on the finding that the removal of this case was not objectively reasonable, and Safeco's opposition to the Motion to Remand was not objectively

reasonable.  The sanctions are justified to deter future litigation abuse, to compensate the Skinners who are the victims of litigation abuse, and to streamline the court dockets.

The Court requested information from Skinners' counsel on their attorneys' fees in bringing the motion to remand.  The Skinners have submitted the requested information but also seek fees for all of the attorney time spent on the case from the time of removal.  I will award the Skinners their attorneys' fees just for the motion to remand.

Skinners' counsel avers that Mr. Fisher spent 4.2 hours and Mr. Baugh spent 13.9 hours supporting the motion to remand.  Safeco does not contest the number of hours submitted by Skinners' counsel.  Both Mr. Fisher and Mr. Baugh request an hourly rate of $175.  Safeco does not contest that this is a reasonable hourly rate.  I find that the number of hours and the hourly rate requested are reasonable and will award attorneys' fees in this amount.  Included in the attorneys' fee award will be the New Mexico gross receipts tax of $42.72 for Mr. Fisher's services and $141.39 for Mr. Baugh's services.

Skinners contend that Safeco and Safeco's counsel are jointly and severally liable for the sanction.  Because I found that sanctions were warranted only under Rule 11(b)(2), the Court is not permitted to award a monetary sanction against Safeco.  Fed. R. Civ. P. 11(c)(2)(A). Therefore, the sanction in this case is awarded jointly and severally against attorney Ripley B. Harwood and the law firm of Jeffries & Rugge, P.C. who represented Safeco during these proceedings.

**RECAPITULATION**

Attorneys' fees will be awarded in the following amounts:

| | |
|---|---|
| Mr. Fisher's time of 4.2 hours @ $175 per hour, plus | $ 735.00 |
| gross receipts tax on Mr. Fisher's services | 42.72 |
| Total for Mr. Fisher's services | **$ 777.72** |
| | |
| Mr. Baugh's time of 13.9 hours @ $175 per hour, plus | $ 2432.50 |
| gross receipts tax on Mr. Baugh's services | 141.39 |
| Total for Mr. Baugh's services | **$ 2573.89** |
| | |
| **Total Award** | **$ 3351.61** |

**CONCLUSION**

The Skinners' Motion for Sanctions [Docket No. 10] is hereby GRANTED and an award of attorneys' fees is entered for Skinners and against Mr. Ripley B. Harwood and the law firm of Jeffries & Rugge, P.C., jointly and severally, in the amount of three thousand three hundred fifty-one dollars and sixty-one cents ($3,351.61).

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE