IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE SAFECO INSURANCE POLICY
WITH CHARLES AND SHANNON SKINNER

and,

CHARLES and SHANNON SKINNER, a
married couple, and DEREK SKINNER, their
minor son,

    Respondents/Counterplaintiffs,

v.                                                 CIV No. 02-1504 WJ/WWD

SAFECO INSURANCE COMPANY,

    Petitioner/Counterdefendant.

**MEMORANDUM OPINION AND ORDER GRANTING
JEFFRIES & RUGGE'/ RIPLEY B. HARWOOD'S MOTION
FOR STAY ON APPEAL AND FOR WAIVER OF SUPERSEDEAS BOND**

THIS MATTER comes before the Court pursuant to Jeffries & Rugge'/ Ripley B. Harwood's Motion for Stay on Appeal and for Waiver of Supersedeas Bond [Docket No. 28]. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

The purpose of a *supersedeas* bond is to secure an appellee from loss resulting from the stay of execution, and a full *supersedeas* bond is the requirement in normal circumstances. Miami Int'l Realty Co. v. Paytner, 807 F.2d 871, 873 (10th Cir. 1986). However, district courts have inherent discretion in setting *supersedeas* bonds. Id. A full *supersedeas* bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to

satisfy the judgment in full upon disposition of the case.  Id.  A waiver of the bond requirement may be appropriate when a judgment debtor's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.  Olympia Equipment Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794, 796 (7th Cir.1986).

In this case, the judgment totals only three thousand three hundred fifty-one dollars and sixty-one cents.  In my opinion, there is virtually no likelihood here that the judgment debtor will have an inability to satisfy the judgment in full upon disposition of the case.  The judgment debtor's ability to pay is clear and the cost of a *supersedeas* bond is a waste of money.

IT IS THEREFORE ORDERED that Jeffries & Rugge'/ Ripley B. Harwood's Motion for Stay on Appeal and for Waiver of Supersedeas Bond [Docket No. 28] is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE